UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>   v.<br><br>CONNOR RILEY MOUCKA et al.,<br><br>                Defendant. | CASE NO. 2:24-cr-00180-LK<br><br>ORDER GRANTING STIPULATED MOTION TO CONTINUE TRIAL AND GRANTING IN PART STIPULATED CASE SCHEDULING ORDER |

      This matter comes before the Court on the parties' stipulated motion to continue trial and set a case scheduling order. Dkt. No. 31. Defendant Connor Riley Moucka and a co-defendant are charged with conspiracy, computer fraud and abuse, extortion in relation to computer fraud, wire fraud, and aggravated identity theft for their roles in international computer hacking and wire fraud schemes. Dkt. No. 1. At his arraignment, Mr. Moucka pleaded not guilty to the charges and requested discovery. Dkt. No. 15. The Court scheduled trial for August 18, 2025, *id.*, and later granted a continuance to April 13, 2026, Dkt. No. 28. When granting the continuance, the Court ordered the parties to propose a scheduling order. *Id.*

ORDER GRANTING STIPULATED MOTION TO CONTINUE TRIAL AND GRANTING IN PART STIPULATED CASE SCHEDULING ORDER - 1

|   |   |
|---|---|
| 1 | The present motion seeks a continuance of the April 13, 2026 trial date and proposes a case |
| 2 | scheduling order. Dkt. No. 31. The parties seek a continuance for three reasons. *Id.* at 2–3. First, |
| 3 | the parties assert that the case is "complex." *Id.* at 2. "In particular, the 20-count Indictment alleges |
| 4 | that Mr. Moucka and others engaged in a global hacking scheme through which they compromised |
| 5 | the computer systems of over 10 organizations, stole terabytes of highly sensitive data, and |
| 6 | extorted several data owners for ransoms." *Id.* And according to the Government, "the |
| 7 | investigation to date has further revealed that additional companies may have been compromised |
| 8 | though this series of breaches, spanning several major industries, including telecommunications, |
| 9 | banking, and healthcare." *Id*. The parties tell the Court "[t]he time requested for a continuance of |
| 10 | trial reflects this case's complexity." *Id.* |
| 11 | Second, the parties state that "during execution of a warrant to search electronic devices |
| 12 | seized from Mr. Moucka and his residence, the government encountered potentially classified |
| 13 | materials on several devices." *Id.* at 2–3. Review of those devices has "required special procedures |
| 14 | and coordination with additional government personnel, which has significantly delayed the |
| 15 | government's search of these devices for evidence and any discovery of evidence therefrom." *Id.* |
| 16 | at 3. According to the Government, "the process of screening Mr. Moucka's devices for classified |
| 17 | materials and ensuring any productions are free from such materials will necessarily take months |
| 18 | and will therefore lengthen the time needed to complete discovery in this case." *Id.* |
| 19 | Third, "the discovery in this case is extensive." *Id.* "To date, the government has provided |
| 20 | to defense several productions in the form of (1) targeted 'hot docs', (2) a verbal overview of key |
| 21 | evidence in support of its case, and (3) several productions totaling over 200 gigabytes' worth of |
| 22 | data." *Id.* The Government intends to "produce several hundred more gigabytes of data in the |
| 23 | coming months," and "the defense will require[] adequate time to review the information." *Id.* The |
| 24 | parties report that "[n]either the discovery process nor the review and understanding of the |

ORDER GRANTING STIPULATED MOTION TO CONTINUE TRIAL AND GRANTING IN PART STIPULATED CASE SCHEDULING ORDER - 2

discovery by the defense, taking into account the exercise of due diligence, can be completed by the current deadlines." *Id.* In particular, defense counsel reports a need for more time "to fully and adequately review the discovery with Mr. Moucka, as well as any factual and legal issues presented, and sentencing consequences, so Mr. Moucka can make an informed and intelligent decision of how to proceed." *Id.* Counsel represents that Mr. Moucka "joins in this request," and he has waived his speedy trial rights through November 2, 2026. Dkt. No. 32.

Given the nature and circumstances of this case, and pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Mr. Moucka in any speedier trial. The Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice by denying Mr. Moucka's counsel the reasonable time necessary to effectively prepare for trial, to obtain and review discovery, to investigate the matter, to gather evidence material to the defense, and to pursue possible defenses, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). The Court finds that the additional time granted herein is a reasonable period of delay and will be necessary to provide counsel reasonable time to accomplish the above tasks.

For these reasons, the Court GRANTS the motion for a continuance and ORDERS that trial in this matter shall be continued to October 19, 2026. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Mr. Moucka's trial must commence under the Speedy Trial Act.

Having granted the requested continuance, the Court now considers the parties' stipulated case scheduling order. The Court generally adopts the parties' proposed case schedule with two modifications. First, to the extent the parties plan on presenting expert testimony at trial, the parties must propose a date and time for a Daubert hearing (either before or at the pretrial conference).

ORDER GRANTING STIPULATED MOTION TO CONTINUE TRIAL AND GRANTING IN PART STIPULATED CASE SCHEDULING ORDER - 3

Second, the proposed schedule compresses final deadlines too close to trial. *See* Dkt. No. 31-1 at 2–3. For the Court to have sufficient time to meaningfully review and rule on disputes by the pretrial conference, the Court modifies the deadlines for Defendant's exhibit and witness lists and both parties' jury instructions and trial briefs.

The Court adopts the below case schedule. Modifications from the parties' proposal are reflected in bold text.

| Date | Deadline |
|---|---|
| July 6, 2026 | Pretrial motions |
| July 13, 2026 | Government's case-in-chief expert disclosures |
| July 20, 2026 | Responses to pretrial motions |
| July 27, 2026 | Replies to pretrial motions |
| August 3, 2026 | Defendant's case-in-chief expert disclosures |
| August 24, 2026 | Government's rebuttal expert disclosures |
| August 31, 2026 | Motions in limine |
| September 14, 2026 | Responses to motions in limine |
| September 21, 2026 | Government's exhibit and witness list |
| ~~October 5~~**September 28, 2026** | **Defendant's exhibit and witness list** |
| ~~October 5~~**September 28, 2026** | **Government's jury instructions and trial brief** |
| October ~~12~~**5, 2026** | **Defendant's jury instructions and trial brief** |
| **October 9, 2026** | **Pretrial conference** |
| October 19, 2026 | TRIAL |

The parties are ORDERED to meet and confer and propose a date and time for a Daubert hearing by no later than October 10, 2025. If the parties do not plan on presenting expert testimony, they should inform the Court by this date.

Dated this 26th day of September, 2025.

Lauren King
United States District Judge

ORDER GRANTING STIPULATED MOTION TO CONTINUE TRIAL AND GRANTING IN PART STIPULATED CASE SCHEDULING ORDER - 4