UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-00180-LK |
| Plaintiff, | ORDER GRANTING STIPULATED |
| v. | MOTION TO CONTINUE TRIAL |
| CONNOR RILEY MOUCKA et al., | AND SET A CASE SCHEDULING ORDER |
| Defendants. | |

This matter comes before the Court on the parties' Stipulated Motion to Continue Trial and Set a Case Scheduling Order. Dkt. No. 37. Defendant Connor Riley Moucka is charged with conspiracy, computer fraud and abuse, extortion in relation to computer fraud, wire fraud, and aggravated identity theft for his role in international computer hacking and wire fraud schemes. Dkt. No. 1. At his arraignment, Mr. Moucka pleaded not guilty to the charges and requested discovery. Dkt. No. 15. The Court scheduled trial for August 18, 2025, *id.*, and later granted continuances to April 13, 2026, Dkt. No. 28, and October 19, 2026, Dkt. No. 33. The parties now request a continuance to January 4, 2027. Dkt. No. 37 at 1.

ORDER GRANTING STIPULATED MOTION TO CONTINUE TRIAL AND SET A CASE SCHEDULING ORDER - 1

The parties seek a continuance for three reasons. *Id.* at 2–3. First, the parties aver that the "case is 'complex' and therefore 'it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the limits established.'" *Id.* at 2 (quoting 18 U.S.C. § 3161(h)(7)(B)(ii)). They explain that "the 20-count Indictment alleges that Mr. Moucka and others engaged in a global hacking scheme through which they compromised the computer systems of over 10 organizations, stole terabytes of highly sensitive data, and extorted several data owners for ransoms," and "[a]ccording to the government, the investigation to date has further revealed that additional companies may have been compromised though this series of breaches, spanning several major industries, including telecommunications, banking, and healthcare." *Id.* Accordingly, "[t]he time requested for a continuance of trial reflects this case's complexity." *Id.*

Second, "during execution of a warrant to search electronic devices seized from Mr. Moucka and his residence, the government encountered potentially classified materials on several devices." *Id.* at 3. "As a result, the government's review of these devices has required special procedures and coordination with additional government personnel, which has significantly delayed the government's search of these devices for evidence and any discovery of evidence therefrom"; "[t]he process of screening Mr. Moucka's devices for classified materials has lengthened the time needed to complete discovery in this case." *Id.*

Finally, "the discovery in this case is extensive," as the government has provided "several productions in the form of (1) targeted 'hot docs', (2) a verbal overview of key evidence in support of its case, and (3) several productions totaling over 200 gigabytes' worth of data." *Id.* "Given the significant volume of evidence, the defense still requires adequate time to review the information disclosed and to be disclosed, as well as to investigate factual and legal issues presented," so "[n]either the discovery process nor the review and understanding of the discovery by the defense, taking into account the exercise of due diligence, can be completed by the current deadlines." *Id.*

ORDER GRANTING STIPULATED MOTION TO CONTINUE TRIAL AND SET A CASE SCHEDULING ORDER - 2

Moreover, defense counsel needs more time to "fully and adequately review the discovery with Mr. Moucka, as well as any factual and legal issues presented, and sentencing consequences, so Mr. Moucka can make an informed and intelligent decision of how to proceed." *Id.* Mr. Moucka has waived his speedy trial rights through January 31, 2027. Dkt. No. 38 at 1.

Given the nature and circumstances of this case, and pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Mr. Moucka in any speedier trial. The Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice by denying Mr. Moucka's counsel the reasonable time necessary to effectively prepare for trial, to obtain and review discovery, to investigate the matter, to gather evidence material to the defense, and to pursue possible defenses, taking into account the exercise of due diligence and the complexity of the case. *See id.* § 3161(h)(7)(B)(i)–(ii), (iv). The Court finds that the additional time granted herein is a reasonable period of delay and will be necessary to provide counsel reasonable time to accomplish the above tasks. 18 U.S.C. § 3161(h)(6).

For these reasons, the Court GRANTS the motion for a continuance, Dkt. No. 37, and ORDERS that trial in this matter shall be continued to January 4, 2027. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Mr. Moucka's trial must commence under the Speedy Trial Act.

In addition, the Court vacates the current deadlines and adopts the following scheduling order in this case as proposed by the parties:

| Date | Deadline |
| --- | --- |
| September 28, 2026 | Pretrial motions |
| October 5, 2026 | Government's case-in-chief expert disclosures |
| October 12, 2026 | Responses to pretrial motions |
| October 19, 2026 | Replies to pretrial motions |

ORDER GRANTING STIPULATED MOTION TO CONTINUE TRIAL AND SET A CASE SCHEDULING ORDER - 3

| October 26, 2026 | Defendant's case-in-chief expert disclosures |
| November 9, 2026 | Government's rebuttal expert disclosures |
| November 9, 2026 | Motions in limine |
| November 23, 2026 | Responses to motions in limine |
| November 30, 2026 | Government's exhibit and witness list |
| December 7, 2026 | Defendant's exhibit and witness list |
| December 7, 2026 | Government's jury instructions and trial brief |
| December 14, 2026 | Defendant's jury instructions and trial brief |
| December 21, 2026 at 10:00am | Pretrial conference and Daubert hearing |
| January 4, 2027 | TRIAL |

It is so ordered.

Dated this 20th day of July, 2026.

_Lauren King_

Lauren King
United States District Judge

ORDER GRANTING STIPULATED MOTION TO CONTINUE TRIAL AND SET A CASE SCHEDULING ORDER - 4