FILED _____ ENTERED
LODGED _____ RECEIVED

**AUG 0 5 2026**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

Judge Lauren King

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR24-180 LK |
| Plaintiff, | |
| | **PLEA AGREEMENT** |
| v. | |
| CONNOR RILEY MOUCKA, | |
| Defendant. | |

The United States, through Assistant United States Attorney Sok Tea Jiang of the Western District of Washington and Senior Counsel Louisa Becker and Trial Attorney George Brown of the Computer Crime and Intellectual Property Section of the Department of Justice's Criminal Division, and Defendant Connor Riley Moucka and Defendant's attorney Christopher Black, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.      **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Indictment.

Plea Agreement - 1
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.      Conspiracy, as charged in Count 1, in violation of Title 18, United States Code, Section 371.

b.      Computer Fraud and Abuse, as charged in Count 2, in violation of Title 18, United States Code, Sections 1030(a)(2)(C), 1030(c)(2)(B)(i)-(iii), and 2.

c.      Wire Fraud, as charged in Count 14, in violation of Title 18, United States Code, Sections 1343 and 2.

d.      Aggravated Identity Theft, as charged in Count 19, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.      **Elements of the Offenses.** The elements of the offenses to which Defendant is pleading guilty are as follows:

a.      The elements of Conspiracy, as charged in Count 1, are as follows:

*First*, beginning no later than February 2024 and continuing through at least October 10, 2024, there was an agreement between two or more persons to commit the crimes of Computer Fraud and Abuse, in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and 1030(c)(2)(B)(i)-(iii); Extortion in Relation to Computer Fraud, in violation of Title 18, United States Code, Sections 1030(a)(7)(B) and 1030(c)(3)(A); Wire Fraud, in violation of Title 18, United States Code, Section 1343; and Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A(a)(1);

Plea Agreement - 2
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Second*, Defendant became a member of the conspiracy knowing of its objects and intending to help accomplish them; and

*Third*, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

The elements of Extortion in Relation to Computer Fraud are as follows:

*First*, Defendant transmitted a communication in interstate or foreign commerce;

*Second*, Defendant acted with intent to extort money or any other thing of value from any individual, firm, corporation, educational institution, financial institution, government entity, or legal or other entity;

*Third,* the communication contained a threat to impair the confidentiality of information from a computer without authorization; and

*Fourth*, Defendant's threat concerned a computer that was used in or affected interstate or foreign commerce or communication.

b.    The elements of Computer Fraud and Abuse, as charged in Count 2, are as follows:

*First*, Defendant intentionally accessed without authorization a computer;

*Second*, by accessing without authorization a computer, Defendant obtained information from a protected computer; and

*Third*, the offense was committed for purposes of commercial advantage or private financial gain; the offense was committed in furtherance of any criminal or tortious act in violations of the laws of

Plea Agreement - 3
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the United States; or the value of the information obtained exceeded $5,000.

   c.   The elements of Wire Fraud, as charged in Count 14, are as follows:

   *First*, Defendant knowingly participated in a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts;

   *Second*, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

   *Third*, Defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

   *Fourth*, Defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

   d.   The elements of Aggravated Identity Theft, as charged in Count 19, are as follows:

   *First,* Defendant knowingly transferred, possessed, or used, without lawful authority, a means of identification of another person;

   *Second*, Defendant knew that the means of identification belonged to a real person; and

   *Third*, Defendant did so during and in relation to a violation of Title 18, United States Code, Section 1343.

   3.   **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a.    For the offense of Conspiracy, as charged in Count 1: A maximum term of imprisonment of up to five years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100. If a probationary sentence is imposed, the probation period can be for up to five years.

b.    For the offense of Computer Fraud and Abuse, as charged in Count 2: A maximum term of imprisonment of up to five years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100. If a probationary sentence is imposed, the probation period can be for up to five years.

c.    For the offense of Wire Fraud, as charged in Count 14: A maximum term of imprisonment of up to 20 years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100. If a probationary sentence is imposed, the probation period can be for up to five years.

d.    For the offense of Aggravated Identity Theft, as charged in Count 19: A mandatory term of imprisonment of two years, which must run consecutively to the terms imposed for Counts 1, 2, and 14, a fine of up to $250,000, a period of supervision following release from prison of up to one year, and a mandatory special assessment of $100. Count 19 is specifically excluded from application of any grouping analysis because it provides for a specific term of imprisonment, which must run consecutively to any sentence imposed on Counts 1, 2, and 14. U.S.S.G. § 3D1.1(b)(2).

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be

Plea Agreement - 5
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4.    **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States, or may have consequences with respect to citizenship status if Defendant is a naturalized citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. In some instances, a criminal conviction may be grounds for revocation of naturalized citizenship status. Removal, de-naturalization, and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration or naturalized citizenship status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of

Plea Agreement - 6
*United States v. Moucka*, CR24-180 LK

any consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's removal from the United States or loss of naturalized citizenship.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a. The right to plead not guilty and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of Defendant's peers;

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to

Plea Agreement - 7
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in Title 18, United States Code, Section 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts.** Defendant admits Defendant is guilty of the charged offenses. The parties agree on the following facts:

a. Beginning no later than February 2024 and continuing through at least October 10, 2024, Defendant conspired with John Erin Binns and others to devise a scheme to defraud at least 165 victim organizations by obtaining access credentials for the victim organizations' protected computer networks without authorization, gaining unlawful access to these protected computer networks,

Plea Agreement - 8
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

stealing sensitive personal identifying, financial, and other valuable information from those computers, threatening to leak the stolen data unless the victims paid ransoms, and offering to sell the stolen data online to other criminals. Through this scheme, Defendant and his co-conspirators gained unlawful access to billions of sensitive customer records, including individuals' non-content call and text history records, banking and other financial information, payroll records, Drug Enforcement Agency registration numbers, driver's license numbers, passport numbers, Social Security numbers, and other personally identifiable information.

b.      Defendant and his co-conspirators profited from this scheme through several means, including by successfully extorting at least 36 bitcoin (worth approximately $2.5 million at the time of payment) from at least three victims and by posting offers to sell victims stolen data on cybercriminal forums that collectively sought at least $6 million. Defendant personally profited from this scheme by receiving at least $495,000 in bitcoin (as measured at the time of payment).

c.      As part of this scheme, Defendant and his co-conspirators targeted Victim-1, a software-as-a-service provider located in the United States, and the customers of Victim-1. Victim-1 provided software that allowed U.S. and foreign organizations to upload and store data within cloud computing "instances," or online storage environments, which were intended to be accessible only by users authorized by the customer organizations (hereinafter, "Cloud Computing Instances"). Each user of a Cloud Computing Instance had discrete permissions to access his or her own user account and, through that account, particular portions of the Cloud Computing Instance. The Cloud Computing Instances were hosted on computer servers controlled by Victim-1 and were located throughout the world.

Plea Agreement - 9
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

d.    Defendant and Binns stole or otherwise obtained stolen access credentials that could be used to access the victim organizations' Cloud Computing Instances.

e.    Defendant and Binns used these access credentials to unlawfully access victims' Cloud Computing Instances and to view and download terabytes of private data from within the Cloud Computing Instances. Defendant knew that at least some of these stolen access credentials belonged to real people. For example, based on the username, Defendant knew that the login credentials used to log into Victim-5's Cloud Computing Instance without authorization, as charged in Counts 15 and 19, belonged to a real person.

f.    To assist this scheme, Defendant developed a computer program to help automate the process for identifying valuable information residing within the victims' Cloud Computing Instances, including organization names, user roles, and Internet Protocol ("IP") addresses, among other information. Defendant and his co-conspirators used the information obtained from this computer program to determine which victims' Cloud Computing Instances likely had valuable data worth exfiltrating, so they could extort the victims or sell stolen data on cybercriminal forums.

g.    Through these hacks, Defendant and Binns stole valuable information from at least nine of these victims, including Victim-2, a major telecommunications company located in the United States; Victim-3, a major retailer located in the United States; Victim-4, a major entertainment company located in the United States; Victim-5, a major healthcare company with significant operations in the United States; Victim-6, a major foreign company located in Europe with operations and personnel located in the United States; and Victim-7, a major data storage company located in the United States.

Plea Agreement - 10
*United States v. Moucka*, CR24-180 LK

h.    As one example, between at least on or about April 14, 2024, and at least on or about April 28, 2024, Defendant and Binns accessed a Cloud Computing Instance belonging to Victim-2 and downloaded approximately 50 billion customer call and text records, including dialed numbers, for commercial advantage and private financial gain and in furtherance of identity theft, as alleged in Count 2. The value of this stolen information from Victim-2 exceeded $5,000.

i.    After successfully stealing data from victims' Cloud Computing Instances, Defendant and his co-conspirators extorted victims by threatening to sell or otherwise distribute their stolen data unless the victims paid ransoms, which at least three victims paid. In at least one instance, Defendant and his co-conspirators attempted to re-extort a victim with threats of further disclosure of the victim's stolen data. Defendant and his co-conspirators used the stolen data of a government officer and members of a then-former government officer's immediate family in this re-extortion attempt.

j.    Defendant and his co-conspirators used a range of communication methods in furtherance of their crimes, and changed accounts frequently, all to protect their identities. Many of the online service providers used by the co-conspirators were located abroad, and some offered enhanced privacy protections, such as not collecting or validating customer information, offering limited logging of user IP addresses, and protecting the contents of messages with encryption. Other communication platforms that were used catered specifically to cybercriminals, including the online cybercrime forums BreachForums, Exploit.in, and XSS.is, as well as Telegram channels dedicated to online fraud and cybercrime.

k.    Defendant and his co-conspirators advertised stolen data for sale online, including on BreachForums, Exploit.in, and XSS.is. These advertisements offered to sell the data in exchange for fiat currency and cryptocurrency. The

Plea Agreement - 11
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

forums on which these postings were made could be accessed from computers anywhere in the world, including in the Western District of Washington, and these posts were used to facilitate the extortion of the victim organizations, as well as the sale and attempted sale of the victims' stolen data.

l.    Defendant and his co-conspirators used virtual private networks and leased technological infrastructure, including servers, from service providers all over the world. Accounts at many of these service providers were obtained using fraudulent identity information and a variety of payment methods to hide the identities of the accountholders.

m.    Defendant and his co-conspirators demanded payments and made payments for services in cryptocurrency, including bitcoin, and conducted complex cryptocurrency transfers in order to hide the source and destination of their funds. Some of these transfers included transferring bitcoin into monero, an anonymity-enhancing cryptocurrency, to further confound attempts to trace the source and destination of their funds.

n.    Defendant and Binns were located outside the United States when they engaged in the charged hacking and extortion activities. Executing the charged offenses involved sending and receiving interstate and foreign wire communications. As one example, as charged in Count 14, on or about May 3, 2024, Defendant and Binns used stolen credentials to fraudulently access the Cloud Computing Instance belonging to Victim-3, which was hosted in the State of Oregon, from a computer located outside the United States. Defendant and Binns accessed this Cloud Computing Instance through a computer located within the Western District of Washington.

o.    In total, Defendant and his co-conspirators caused the victim companies more than $9.5 million in actual losses, which included ransoms paid and costs of responding to the breaches. This loss figure does not include losses

Plea Agreement - 12
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

that the victim companies' customers—which total at least 100 million individuals—may have suffered from identity theft and other fraud at the hands of those who purchased their stolen information.

p.    Defendant used some of his profits that he personally obtained from commission of this computer fraud and wire fraud scheme to obtain the cryptocurrency and property described below in Paragraph 13(a)(ii)(a)-(c). Defendant provided the property described in Paragraph 13(a)(ii)(a)-(c) to a third-party, who turned it over to the Federal Bureau of Investigation ("FBI") on or about February 18, 2025.

q.    On or about October 30, 2024, investigators seized the personal property identified in Paragraph 13(b). Defendant admits that he used, or intended to use, the personal property described in Paragraph 13(b) to commit the above-described computer fraud and related conspiracy.

r.    On or about August 5, 2026, Defendant consented to the search of his cell phone so that law enforcement could seize and forfeit any and all cryptocurrency stored in or accessible via that cell phone. Defendant admits that any such proceeds on his phone are proceeds of his commission of the conspiracy and fraud offenses described above.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9.    **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.    Counts 1, 2 and 14

i.    2X1.1, 2B1.1(a)(1) (base offense level 7);

Plea Agreement - 13
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

ii.     2B1.1(b)(1)(J) (+20 levels) (loss greater than $9.5 million but not more than $25 million);

iii.    2B1.1(b)(2)(A)(i) (+2 levels) (offense involved 10 or more victims);

iv.     2B1.1(b)(10)(B) and (C) (+2 levels) (a substantial part of the scheme was committed outside the United States and offense involved sophisticated means);

v.      2B1.1(b)(11)(B) (+2 levels) (trafficking in unauthorized access devices);

vi.     2B1.1(b)(18)(A) and (B) (+2) (offense involved conviction under Title 18, United States Code, Section 1030 and involved intent to obtain personal information, and the offense involved unauthorized public dissemination of personal information);

vii.    3A1.2(a)(A)-(C) (+3 levels) (offense involved a government officer or employee and the offense was motivated by such status); and

viii.   3B1.3 (+2) (use of special skill).

b.      Count 19

i.      2B1.6 (a mandatory consecutive sentence of two years).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10.     **Zero-Point Offender Eligibility.** Defendant may be eligible for a sentencing adjustment pursuant to the Zero-Point Offender provisions at United States Sentencing Guidelines Section 4C1.1(a)(1)-(10). If, at the time of sentencing, the United States is satisfied Defendant has met each of the ten requirements, the United States will

Plea Agreement - 14
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

recommend a two-level reduction to Defendant's sentencing calculation pursuant to United States Sentencing Guidelines Section 4C1.1(a). Defendant understands, however, that the Court will ultimately decide whether Defendant qualifies as a Zero-Point Offender.

11. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to United States Sentencing Guidelines Section 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to United States Sentencing Guidelines Sections 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this Plea Agreement, Defendant agrees that restitution in this case should not be limited to the offenses of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty pleas including losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts. The losses will include, but not be limited to, restitution to Victims 1 through 7 for their response costs associated with the computer intrusions at issue and for any ransom payments made between February 2024 and October 2024 in connection with these computer intrusions and are greater than $9.5 million. In exchange for the promises by the United States contained in this Plea Agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

Plea Agreement - 15
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.    The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in Title 18, United States Code, Section 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

b.    Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in Title 18, United States Code, Section 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

c.      The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to United States Sentencing Guidelines Section 3E1.1(a). In addition, in any event, the government will consider Defendant's cooperation regarding restitution in making its sentencing recommendation.

13.      **Forfeiture of Assets.** Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case.

a.      With respect to Defendant's commission of Conspiracy, as charged in Count 1 of the Indictment, Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property constituting, or derived from proceeds, that Defendant obtained directly or indirectly, as a result of this offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 982(a)(2)(B); Title 18 United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c); and Title 18, United States Code, Section 1030(i)(1)(B), and includes, but is not limited to:

Plea Agreement - 17
*United States v. Moucka*, CR24-180 LK

i.      A judgment for a sum of money (also known as a forfeiture money judgment), in the amount of at least $495,000, representing the proceeds that Defendant personally obtained from his commission of this offense;

ii.      The following property, which a third-party turned over to the FBI on or about February 18, 2025:

(a)      Cryptocurrency, specifically, 93,117.464506 USDT, 0.05505032808271922 ETH, and 8.25748329 LTC, that was previously stored in a Trezor wallet;

(b)      A Rolex watch; and

(c)      Icebox-brand diamond jewelry (earrings and bracelet);

and

iii.      Any and all cryptocurrency stored in or accessible via Defendant's cell phone.

The United States agrees that if the property described above at Paragraph 13(a)(ii)(a)-(c) and 13(a)(iii) is finally forfeited to the United States, the net proceeds from its liquidation shall be applied to reduce the amount of Defendant's outstanding forfeiture money judgment.

b.      With respect to Defendant's commission of Conspiracy, as charged in Count 1 of the Indictment, Defendant further agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all personal property that was used or intended to be used to commit or to facilitate his commission of this offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 1030(i)(1)(A), and includes, but is not limited to, the following property, which was seized on or about October 30, 2024, from Defendant's bedroom in a residence in Ontario, Canada:

i.      11-inch iPad Pro Wi-Fi Space Black, S/N: NT3N9WX2PG (item # 1B22);

ii.    One white iPhone (item # 1B23);

iii.    One black iPhone (item # 1B24);

iv.    One grey iPhone with a cracked screen (item # 1B25);

v.    One black LG G6 Smartphone with cracked back (item # 1B68);

vi.    One black MSI G75 laptop (S/N: K1907N0031379) (item # 1B26), with one blue SD card (item # 1B27);

vii.    One grey HP ZBOOK 15 G6 (S/N: 5CD0286JCS) (item # 1B28), with one silver and black Sandisk USB 128GB (S/N: BP190726997Z) (item # 1B29) and one blue SD card (item # 1B30);

viii.    One 13-inch Macbook Air- Midnight (S/N: KN254H497T) (item # 1B31);

ix.    One Tower computer, black with glass side, connected to monitors (Barcode: 102215369703) (item # 1B32);

x.    Three black Trezor cryptocurrency wallets (item # 1B70, 1B74, and 1B77;

xi.    One Western Digital 1.5TB hard drive (S/N: WMAVU3305415) (item # 1B54);

xii.    One black SD card (item # 1B56);

xiii.    One blue Sandisk SD card (item # 1B57);

xiv.    One black Transcend USB adapter with Kingston 16GB Micro SD card (item # 1B75);

xv.    One red Dane Elec USB Key 2GB (item # 1B76);

xvi.    One Verizon SIM card and frame (item # 1B51);

xvii.    SIM card frames 110 and a half (28 and a half red Verizon 4GLTE, 57 blue AT&T Prepaid, 14 pink T-Mobile, and 11 black Verizon) (item # 1B53);

xviii.    One AT&T SIM card and frame (item # 1B71);

Plea Agreement - 19
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

xix.   Six SIM cards and frames (three blue AT&T, one pink TMobile, one red Verizon, and one black Verizon) (item # 1B72

xx.   Two blue AT&T SIM cards and frames (item # 1B88); and

xxi.   One black Verizon SIM card frame (item # 1B89).

c.   With respect to Defendant's commission of Computer Fraud and Abuse, as charged in Count 2 of the Indictment, Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property constituting, or derived from proceeds, that Defendant obtained directly or indirectly, as a result of this offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 982(a)(2)(B) and Title 18, United States Code, Section 1030(i)(1)(B), and includes, but is not limited to, the property described above in Paragraph 13(a).

d.   With respect to Defendant's commission of Computer Fraud and Abuse, as charged in Count 2 of the Indictment, Defendant further agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all personal property that was used or intended to be used to commit or to facilitate his commission of this offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 1030(i)(1)(A), and includes, but is not limited to, the property described above in Paragraph 13(b).

e.   With respect to Defendant's commission of Wire Fraud, as charged in Count 14, Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property constituting, or derived from proceeds, that Defendant obtained directly or indirectly, as a result of this offense. All such property is forfeitable pursuant to Title 18 United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), and includes, but is not limited to, the property described above in Paragraph 13(a).

f.   Defendant understands and acknowledges that any property forfeited will be separate and distinct from any restitution that is ordered in this case. Defendant

Plea Agreement - 20
*United States v. Moucka*, CR24-180 LK

further understands and acknowledges to request restoration, the United States Attorney's Office (the "USAO") must send a request to the Money Laundering, Narcotics and Forfeiture Section ("MNF") of the Department of Justice, that includes the representations outlined in the Asset Forfeiture Policy Manual (2025), Chapter 14, Sec. II.B.2 and 28 C.F.R. Part 9.8, which are summarized as follows: (i) all known victims have been properly notified of the restitution proceedings and are properly accounted for in the restitution order; (ii) to the best of the USAO's knowledge and belief after consultation with the seizing agency, the losses described in the restitution order have been verified, comport with the remission requirements, and reflect all sources of compensation received by the victims, including returns on investments, interest payments, insurance proceeds, refunds, settlement payments, lawsuit awards, and any other sources of compensation for their losses; (iii) to the best of the USAO's knowledge and belief after consultation with the seizing agency, reasonable efforts to locate additional assets establish that the victims do not have recourse reasonably available to obtain compensation for their losses from other assets, including those owned or controlled by the defendant(s); and (iv) there is no evidence to suggest that any of the victims knowingly contributed to, participated in, benefitted from, or acted in a willfully blind manner, toward the commission of the offenses underlying the forfeiture or a related offense. The USAO agrees that if it can make these required representations, then the USAO will submit a restoration request to MNF, seeking approval for any assets forfeited to be restored to the victims in this case, which may, in turn, satisfy in full or part any restitution order. Defendant further understands and acknowledges that the Attorney General, or his/her designee, has the sole discretion to approve or deny the restoration request. The United States also agrees that the amount Defendant pays toward restitution will be credited against this forfeited sum.

g.    Defendant further agrees to fully assist the United States in the forfeiture of any forfeitable property and to take whatever steps are necessary to pass

Plea Agreement - 21
*United States v. Moucka*, CR24-180 LK

clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of this property in any federal forfeiture proceeding, administrative or judicial, that may or has been initiated. Defendant agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

h.    The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if that property constitutes proceeds, or was derived from proceeds, of the Conspiracy (as charged in Count 1) and Computer Fraud and Abuse (as charged in Count 2) or Wire Fraud (as charged in Count 14), as well as any personal property used, or intended to be used, to commit Conspiracy (as charged in Count 1) and Computer Fraud and Abuse (as charged in Count 2).

14.    **Abandonment of Contraband, Electronic Devices, and Data Files**. Defendant agrees that if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

Defendant further agrees to abandon any interest he may have in the following property that was seized on or about October 30, 2024, from an office in the basement of his residence in Ontario, Canada: (i) one HP Pavillion Tower computer (S/N: MXF7400J1H) (item # 1B33); (ii) one HP Pavillion Tower computer (S/N: MXU2300291) (item # 1B44); (iii) one Samsung Smartphone in gold and black Caseology case (item # 1B34); (iv) one Samsung Tablet model # GT-P7500R (S/N: R22BA84282F) (item # 1B35); (v) one black and white non-branded 2GB USB Key (item # 1B36); (vi) one blue and white Lexar 256MB jump drive (item # 1B37); (vii) one

Core Micro 16GB black and silver swivel USB with tether (item # 1B39); (viii) one black and white Sandisk 4GB BH0907NXIAN (item # 1B40); (ix) one orange and white Lexar 16GB LJDTT16GB-000-114BH (item # 1B41); (x) one black and silver Core Micro 64GB swivel USB (item # 1B42); (xi) one black Sony 4GB USB (item # 1B43); (xii) one Toshiba HDD 250GB (S/N: 628HFKBNS) (item # 1B78); (xiii) one Seagate HDD 750GB (S/N: 5WS0W61N) (item # 1B79); (xiv) one Seagate HDD 2TB with cables and doc. (S/N: NAOKL87X) (item # 1B80); (xv) one HP HDD with cable (S/N: WCAV58387085) (item # 1B81); (xvi) one Sandisk Micro SD 16GB with adapter (item # 1B82); (xvii) one blue Panasonic SD 16MB (item # 1B83); and (xviii) one silver and black Core Micro USB key 64GB (item # 1B84).

Defendant further agrees to abandon any interest he may have in the in the following property that was seized on or about October 30, 2024, from a living room in the basement of his residence in Ontario, Canada: (i) one black Seagate 2TB portable HDD with cable (S/N: NA97X3B9) (item # 1B47); and (ii) one black Seagate portable HDD with cable (item # 1B48).

Defendant further agrees to abandon any interest he may have in the in the following property that was seized on or about October 30, 2024, from the kitchen of his residence in Ontario, Canada: one RCA tablet with power cord (S/N: T6GD2Z2704W5) (item # 1B46).

Defendant further agrees to abandon any interest he may have in any and all data files contained in the devices described in this Paragraph, as well as any and all data files contained in the devices described in Paragraph 13, and he consents to the federal administrative disposition of these devices and data files contained therein, including their destruction.

15.    **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington and the Computer Crime and Intellectual Property Section of the Justice Department's Criminal

Plea Agreement - 23
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Division agree not to prosecute Defendant for any additional offenses known to them as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and will move to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington and the Computer Crime and Intellectual Property Section of the Justice Department's Criminal Division have agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16.    **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

Plea Agreement - 24
*United States v. Moucka*, CR24-180 LK

pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17.    **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty pleas required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Plea Agreement - 25
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18.    **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19.    **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

///

///

Plea Agreement - 26
*United States v. Moucka*, CR24-180 LK

20.    **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington and the Computer Crime and Intellectual Property Section of the Justice Department's Criminal Division. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 5th day of August, 2026.

CONNOR RILEY MOUCKA
Defendant

CHRISTOPHER BLACK
Attorney for Defendant

SOK TEA JIANG
Assistant United States Attorney

LOUISA K. BECKER
Senior Counsel
Computer Crime & Intellectual Property
Section, Criminal Division, USDOJ

GEORGE BROWN
Trial Attorney
Computer Crime & Intellectual Property
Section, Criminal Division, USDOJ

*WDWA USAO.Plea Agr. Version 15.Released 07.21.2025*

Plea Agreement - 27
*United States v. Moucka*, CR24-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970